IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RITA OWENS,

                Plaintiff,                        ORDER

v.

                                        22-cv-29-wmc

QUALITY INN,
JACK PATEL, APEX,
and BRIAN THEIRING,

                Defendants.

---

*Pro se* plaintiff Rita Owens filed this lawsuit on January 19, 2022, alleging that she was wrongfully terminated from her job at a hotel in Beloit, Wisconsin. On February 2, the clerk of court issued summonses and guidance on how to serve a complaint on individuals as well as corporations in a federal lawsuit. (Dkt. #7.) On March 7, Owens filed her proof of service, indicating that she had served each defendant via certified mail through the U.S. Post Office. (Dkt. #9.) Specifically, Owens mailed each defendant a copy of the complaint and summons to the hotel's business address in Beloit. (Dkt. #8.) Two days later, on March 9, Owens filed a motion for default judgment, arguing that defendants had failed to answer the complaint. (Dkt. #10.) Then, on March 11, defendant Jack Patel filed a one-sentence letter addressed to Owens, attaching documents concerning the termination. (Dkt. #11.)

The court will deny plaintiff's motion for default judgement. Federal Rule of Civil Procedure 4 does not contemplate certified mail as a means of service on either individuals or businesses. *See* Fed. R. Civ. P. 4(e)(2), (h)(1)(B). To be sure, Rule 4 alternatively permits service by those means authorized by the law of the state in which the federal court

sits. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Although Wisconsin law allows for service of individuals and businesses by "mailing," that is only after publication of the summons and a showing that "with reasonable diligence the defendant cannot be served" by other specified means. *See* Wis. Stat. § 801.11(1)(c) and (5)(b); *see also Sundsmo v. Burch*, No. 15-cv-2-jdp, 2017 WL 432840, at *6 (W.D. Wis. Jan. 31, 2017) ("service by mail is not authorized by Rule 4 or by Wisconsin law, at least without publication of the summons and a showing that [defendant] could not be served personally"). Plaintiff has not made such a showing or indicated that she has sought a waiver of service from any defendant under Rule 4(d).

In short, none of the defendants have been properly served and therefore have no obligation to answer the complaint. As for defendant Patel's letter response, that evidences his actual notice of the suit, which does not automatically cure defects in service. *See Moreno-Avalos v. City Hall of Hammond, Ind.*, No. 2:13-cv-347-tls, 2014 WL 3894349, at *3 (N.D. Ind. Aug. 8, 2014) (noting that "actual notice does not automatically cure defects in service"). Plaintiff may review the procedures and related materials the court sent with the summonses (dkt. #7), as well as Rule 4, for guidance on how to properly serve defendants and file proof of service with the court. Moreover, plaintiff should also be aware that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If plaintiff fails to serve defendants by that deadline of April 19, 2022, or show good cause why she cannot, this lawsuit may be dismissed.

ORDER

IT IS ORDERED that plaintiff Rita Owens' motion for default judgment (dkt. #10) is DENIED.

Entered this 24th day of March, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge