IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RITA OWENS,

                Plaintiff,                ORDER

v.

                                          22-cv-029-wmc

QUALITY INN,
and JACK PATEL,

                Defendants.

---

*Pro se* plaintiff Rita Owens has brought this action against defendants Quality Inn and Jack Patel challenging her termination. On May 10, 2022, Patel filed what presumably is his answer to the amended complaint, and included Quality Inn in the signature line as well as "Apex Properties LLC." (Dkt. #22 at 1.) Quality Inn did not file its own answer, nor has an attorney appeared for either defendant. Owens has filed a motion for default judgment against defendants, arguing that neither defendant timely filed an answer. (Dkt. #23.) The court, however, will reserve ruling on that motion because plaintiff's allegations in the amended complaint raise a question concerning the court's jurisdiction over plaintiff's claims.

Plaintiff's allegations do not appear to give rise to subject matter jurisdiction over this action based on either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994) (subject matter jurisdiction may be "raised *sua sponte* by the court at any point in the proceedings"). Unlike state courts, a federal district court's jurisdiction is limited, meaning that generally it may only hear a case if Congress has authorized it. With

limited exceptions inapplicable here, a federal court may hear a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendant are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Plaintiff alleges that she is a Wisconsin resident, and defendants Quality Inn and Patel were both served at a Wisconsin address. (Dkt. ##20, 21.) Plaintiff requests, among other kinds of relief, $5,772 in lost wages and that "defendants pay for said violation." (Dkt. #18 at 4.) It therefore appears that the court cannot exercise jurisdiction under § 1332. This leaves only § 1331, meaning that plaintiff may proceed in this court if she brings a claim arising under *federal* law.

Indeed, plaintiff indicates in her amended complaint that she is suing for a violation of federal law under § 1331, but it is unclear what federal statute is implicated here, and plaintiff's allegations do not suggest that either defendant is a state actor who violated her constitutional rights. (Dkt. #18 at 4.) Plaintiff alleges that she was fired from her job at the Quality Inn hotel in Beloit, Wisconsin, on October 17, 2018, "for no reason" after she asked another employee about clocking out. (Dkt. #18 at 3.) Plaintiff's general manager allegedly did not explain what policy or procedure plaintiff had violated, and Patel, who owns the hotel, allegedly did not intervene. Although plaintiff repeatedly alleges that this amounts to wrongful termination, she does not also allege nor can the court reasonably infer that her termination was in retaliation for engaging in a protected activity such as filling a discrimination complaint, or was based on a characteristic protected by federal law such as disability, race, religion, national origin, age, or sex. *See, e.g.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17; the Age Discrimination in Employment

Act, 29 U.S.C. §§ 621–634; the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117. Plaintiff's amended complaint does not appear to implicate the court's jurisdiction under § 1331 either.

This case cannot proceed if the court lacks subject matter jurisdiction. Accordingly, plaintiff may have 21 days to show cause and explain why this case should not be dismissed for lack of subject matter jurisdiction. If the court concludes upon reviewing plaintiff's response that it does not have jurisdiction over her claims, they must be dismissed without prejudice, and without reaching their merits. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

Finally, it appears that Patel intends to represent himself and Quality Inn in this lawsuit, and he does not appear to be a lawyer. *If* this case proceeds, Patel should know that although a sole proprietorship may litigate *pro se*, a corporation may appear in the federal courts only through licensed counsel. *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008). This rationale applies to other artificial entities, including LLCs and partnerships. *Id.* at 581-82. If Quality Inn is not a sole proprietorship and this case goes forward, Quality Inn will have to hire counsel and file an answer signed by counsel or risk an entry of default under Federal Rule of Civil Procedure 55(a). *See Kipp v. Royal & Sun Alliance Personal Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. July 17, 2002) (after the defendant LLC filed an answer signed by a non-lawyer, the court gave the defendant a chance to file another answer signed by counsel, and warned the defendant that failure to comply would result in an entry of default). For now, however, plaintiff must respond to this order. Once the court receives plaintiff's response, it will decide how to proceed.

ORDER

IT IS ORDERED that plaintiff Rita Owens may have until **June 9, 2022**, to show cause why the court should not dismiss her claims for lack of subject matter jurisdiction.

Entered this 19th day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge