IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RITA OWENS,

                Plaintiff,                OPINION AND ORDER

v.

                                          22-cv-29-wmc

QUALITY INN,
and JACK PATEL,

                Defendants.

---

*Pro se* plaintiff Rita Owens has brought this action challenging the termination of her employment by defendants Quality Inn and Jack Patel. In a May 19, 2022, order, the court ordered Owens to show cause why her claims should not be dismissed for lack of subject matter jurisdiction. (Dkt. # 24.) While Owens timely filed her response, she added essentially no detail to her amended complaint and certainly none that would suggest a basis for this court's exercise of jurisdiction over her dispute with defendants. Because the allegations in that complaint, even generously construed, still do not establish a basis for the court's subject matter jurisdiction, the court must dismiss this case.

BACKGROUND[1]

Rita Owens is suing her former employers, Jack Patel and the Quality Inn, to recover lost wages. In her amended complaint, she claims to have been fired from her job at the Quality Inn hotel in Beloit, Wisconsin, on October 17, 2018, "for no reason" after asking another employee about clocking out. (Dkt. #18 at 3.) Patel filed what presumably was

---

[1] The following facts are accepted as true as alleged in the amended complaint. As noted, the court further reads plaintiff's allegations generously, resolving all ambiguities and drawing all reasonable inferences in her favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

his answer and purported to include Quality Inn in the signature line as well as "Apex Properties LLC." (Dkt. #22 at 1). However, Quality Inn did not file its own answer, nor has an attorney appeared for either defendant.

Owens then filed a motion for default judgment against defendants, arguing that neither defendant timely filed an answer. (Dkt. #23.) Because the court must first establish it has subject matter jurisdiction over this case, plaintiff's default motion was reserved. Instead, the court issued an order requiring Owens to show cause why her case should not be dismissed for lack of jurisdiction. In response, Owens argues that jurisdiction is proper under § 1331 because defendants allegedly violated Title VII of the Civil Rights Act of 1964. (Dkt. #25 at 1). In support, she alleges that as a female over fifty-five years old, she was retaliated against for asking if other employees had clocked out. (*Id.*) Owens also filed a second motion for default judgment. (Dkt. #26.)

OPINION

Unlike state courts, a federal court has limited jurisdiction over which cases it can hear. Federal jurisdiction arises from Article III, section 2 of the Constitution, and Congress codified it in the United States Code. There are two bases for jurisdiction: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendant are citizens of different states, and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. At any stage during a lawsuit, a federal court may (indeed, should) raise *sua sponte* and resolve any legitimate question of subject matter jurisdiction. *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). Since plaintiff alleges that she is a Wisconsin resident, and defendants Quality Inn and Patel were both

served at a Wisconsin address (dkt. ##20, 21), there would appear no basis for the court to exercise diversity jurisdiction under § 1332. This leaves only § 1331, meaning that plaintiff may proceed in this court if she brings a claim arising under federal law.

However, it is not enough to assert mere legal conclusions without providing facts to state a claim for employment discrimination under federal law. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). For example, in *Kaminski*, a former employee sued for discrimination under Title VII and the ADEA, alleging wrongful termination because of her age, race, and national origin. *Id.* at 776. Nevertheless, the court dismissed the case because the former employee did not allege *facts* that directly or indirectly connected the termination to her age, race, or national origin. *Id.* Specifically, although a plaintiff need not plead a *prima facia* case of employment discrimination, they must provide a "plausible factual narrative that conveys a story that holds together." *Id.* at 777 (internal quotations omitted). As here, the courts of appeals found the former employee did not include "what facts or circumstances [led] her to believe her treatment was *because* of her membership in a protected class." *Id.* at 778. Application of this principle has been applied to other employment discrimination cases as well. *E.g., Graham v. Herron Prop. Mgmt. LLC*, No. 22-2883, 2023 WL 3581958 (7th Cir. May 22, 2023) (holding that "unadorned assertions of discrimination do little more than state legal conclusions, which are insufficient to claim plausibly that" the employer acted based on her protected class).

Similarly, plaintiff's allegations in her amended complaint in this case still fail to establish any connection between her sex or age and defendant's decision to terminate her. Rather, she simply alleges that she is in a protected class and was fired because she asked

if other employees had clocked out. (Dkt. #25 at 1). Even when this allegation is construed in a light most favorable to the plaintiff, it supports *no* plausible inference that the employer acted *because* of her sex or age. Therefore, the complaint does not allege a violation of federal law, and this court has no jurisdiction under § 1331.

Finally, having been given an opportunity to cure this jurisdictional defect, the court lacks subject matter jurisdiction over this case and must dismiss it without prejudice. *Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013) ("a dismissal for lack of subject matter jurisdiction cannot be a dismissal with prejudice"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Assuming not time barred, this dismissal does not prevent plaintiff from pursuing any viable state law claims she may have in state court, but plaintiff cannot proceed with her current claims in *this* court.

## ORDER

IT IS ORDERED that:

1) This lawsuit is DISMISSED without prejudice for lack of subject matter jurisdiction.

2) Plaintiff Rita Owens' motions for default judgment (dkt. ##23, 26) are DENIED as moot.

Entered this 26th day of July, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge